**MAINE CENTRAL RAILROAD COMPANY, Plaintiff,**

**v.**

**The INTERSTATE COMMERCE COMMISSION and George M. Stafford, Defendants,**

**and**

**Amoskeag Company, Defendant-Intervenor.**

**Civ. A. No. 75–157.**

United States District Court, District of Columbia.

March 16, 1976.

658

Peter J. Nickles, Eugene D. Gulland, Washington, D. C., for plaintiff.

Hanford O'Hara, ICC, Washington, D. C., for defendants.

John E. Haley, Washington, D. C., Alan L. Lefkowitz, Boston, Mass., for defendant-intervenor.

## MEMORANDUM ORDER

JUNE L. GREEN, District Judge.

On June 4, 1975, a final amended judgment was entered in the above-captioned matter. The judgment permanently enjoins the defendant, Interstate Commerce Commission (ICC), from holding hearings in ICC Finance Docket Nos. 27620 and 27621 unless and until the ICC has "established procedures for the preparation of an environmental impact statement complying with the requirements of the National Environmental Policy Act (NEPA)" and prepared and circulated and obtained the comments of appropriate public and private entities on a valid draft environmental impact statement compiled in accordance with such lawful [NEPA] procedures." The ICC and Amoskeag Company consented to the judgment and admitted to the Findings of Fact and Conclusions of Law contained in the Memorandum Opinion of this Court filed February 24, 1975.

This matter is once again before the Court by way of Amoskeag Company's motion for relief from judgment. The ICC has filed a memorandum of points and authorities in support of the defendant-intervenor's motion. Opposition to the motion has been filed by the plaintiff.

As grounds for its motion, Amoskeag asserts that the defendants have satisfied the judgment by issuing the *Revised Guidelines for the Implementation of the National Environmental Policy Act of 1969*; secondly, that the Supreme Court decision in *Aberdeen and Rockfish Railroad Co. v. Students Challenging Regulatory Agency Procedures*, 422 U.S. 289, 95 S.Ct. 2336, 45 L.Ed.2d 191 (1975) (referred to as *SCRAP II*), decided after this Court's judgment, changed the legal basis for the final judgment; and lastly, that it is no longer equitable that the injunction continue.

On August 15, 1975, the ICC issued revised Guidelines designed to implement NEPA. The Guidelines were published on August 26, 1975, 40 F.R. 37233, but without the preliminary statement which raised questions as to the effect of *SCRAP II* on the proposed new rules. On October 28, 1975, ICC published the preliminary statement and granted an extension of time to December 12, 1975 within which public comments could be filed. 40 F.R. 50108. No final regulations have been published.

The issue before the Court, therefore, is whether the publication of the Guidelines established procedures in conformity with the Court's judgment.

Of critical concern to this Court and as expressed during the hearing on the preliminary injunction as well, is the fact

that ICC has failed to promulgate final revised procedures which conform to NEPA and CEQ guidelines despite the fact that ICC has been on notice of the legal defects in its present regulations since 1972. *Greene County Planning Board v. Federal Power Commission,* 455 F.2d 412 (2nd Cir.) *cert. denied* 409 U.S. 849, 93 S.Ct. 56, 34 L.Ed.2d 90 (1972). An *ad hoc* approach to cases before the Commission can only lead to inconsistent, improper and incomplete consideration of environmental issues as is demonstrated by this case. Therefore, the judgment of this Court addressed itself to the establishment of final regulations as opposed to the mere application of valid procedures, which path the ICC had sought to have this Court follow. Consequently, the Court does not view the publication of proposed regulations as the establishment of valid NEPA procedure. If these proposed regulations are promulgated in final form without substantive changes, it would appear from the comments of CEQ, which are in the record, that the first part of this judgment will be satisfied. However, until the final publication of procedures for the preparation of an environmental impact statement and the circulation of the statement prepared in accordance with such procedures, the permanent injunction shall be in effect.

 As to the remaining arguments, the Court finds them unpersuasive. *SCRAP II,* the product of unique facts, presented a precise and technical issue. *Rhode Island Commission on Energy v. General Services Administration,* 397 F.Supp. 41 (D.R.I.1975). The decision, therefore, in that it is to be narrowly construed, does not relieve the parties of the judgment. Lastly, the Court does

not find that the balance of the equities in this case has shifted so as to vacate the judgment as entered. It is hoped and expected that ICC will fully and promptly comply with the judgment and finalize its NEPA regulations to the benefit of all concerned.

In accordance with the above, it is by the Court this 16th day of March 1976,

ORDERED that the motion for relief from judgment filed by the defendant-intervenor, Amoskeag Company, should be and the same hereby is denied.